UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ADRIAN GARCIA,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:13-cr-829<br><br>Judge Clark Waddoups |

　　　　Defendant Adrian Garcia has moved pro se for appointment of counsel, seeking assistance in preparing a petition under *Johnson v. United States*, 576 U.S. ____, 135 S. Ct. 2551 (2015). (Dkt. No. 117.)  *Johnson* held that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B), was unconstitutional. *Johnson*, 135 S. Ct. at 2563.  As a result, it permitted challenges under 28 U.S.C § 2555 to sentences imposed under that clause. *See Welch v. United States*, 578 U.S. ____, 136 S. Ct. 1257, 1268 (2016). Mr. Garcia also seeks to address "an issue with the § 851 enhancement they put on my case." (Dkt. No. 117.) Sentencing enhancements up to a ten-year mandatory minimum pursuant to a conviction such as Mr. Garcia's under 21 U.S.C. § 841(b)(1)(B) can be established by a proceeding to establish a qualifying prior conviction pursuant to an information filed under 21 U.S.C. § 851.

　　　　In this case, the court has reviewed the presentence report, defendant's sentencing memorandum, the judgment, and the sentencing transcript.  Mr. Garcia was sentenced to a ten-

year mandatory minimum (120 months) consistent with the penalty required for conviction under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) and his prior drug conviction established pursuant to 21 U.S.C. § 851.  Mr. Garcia did not respond to the § 851 information filed by the government nor did he challenge his prior conviction before or at sentencing or on direct appeal. The presentence report determined that Mr. Garcia's guideline range pursuant to U.S.S.G. § 2D1.1 was 28 based on the quantity of drugs involved. Based on his criminal history pursuant to U.S.S.G. § 4A1.1(a), Mr. Garcia's guideline sentence was 140 to 175 months.  At sentencing the court varied down from the guideline range and imposed sentence at the mandatory minimum of 120 months.

Notably, Mr. Garcia's sentencing guideline was *not* calculated under the residual clause of the Armed Career Criminal Act.  *Johnson* therefore has no application to him.  In addition, Mr. Garcia has failed to identify any factual basis under 21 U.S.C. § 851 with which to challenge his enhanced sentence as a result of his prior drug conviction.  For these reasons, there appears to be no basis to appoint counsel to allow Mr. Garcia to pursue such a petition.  The motion is DENIED.  (Dkt. No. 117).

SO ORDERED this 1st day of December, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge